JUN 2 4 '10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE SORIANO, | ) | 3:09-CV-00661-RCJ-(RAM) |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| USAA INSURANCE AGENCY, INC., | ) | |
| Defendant. | ) | |
| | ) | |

This is an action against an insurer for denial of a claim. Plaintiff Jose Soriano ("Plaintiff") sued his insurer, Defendant USAA General Indemnity Co.[1] ("Defendant"), in state court for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims practices under Nevada Revised Statutes §§ 686A.310 *et seq.* Defendant removed the case to this Court. Presently before the Court is Plaintiff's Motion to Remand (#4). Defendant filed an opposition (#11) and Plaintiff replied (#13). The Court heard oral argument on May 28, 2010. The Court now issues the following order. IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#4) is GRANTED.

## I. BACKGROUND

Plaintiff purchased automobile insurance for his vehicle from Defendant. Plaintiff purchased the vehicle for $35,000. Defendant alleges that Plaintiff spent $7,000 to upgrade the vehicle. Plaintiff alleges his vehicle was stolen and destroyed. He notified Defendant of

---

[1] Defendant asserts that it was improperly sued as "USAA Insurance Agency Inc."

1

the alleged loss on January 3, 2009.  Defendant investigated the loss and determined that Plaintiff had made misrepresentations and concealed pertinent facts.  Defendant denied Plaintiff's claim.

Plaintiff sued Defendant in state court for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims practices under Nevada Revised Statutes §§ 686A.310 *et seq.*  Plaintiff asked for damages in excess of $10,000 and for punitive damages. On November 9, 2009, Defendant removed to this Court.  Plaintiff moved to remand back to state court on November 13, 2009.

On November 30, 2009, Defendant tried to get Plaintiff to stipulate to cap damages at $75,000.  Plaintiff refused.

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Up John Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  "'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)).  The defendant always has the burden of establishing that removal is proper. *Gause*, 980 F.2d at 566.

## III. ANALYSIS

Diversity jurisdiction requires that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a).  When a plaintiff has alleged a specific amount in controversy in his complaint, his allegation is given weight.  In actions originally brought in state court, a plaintiff has no incentive to inflate his damages to achieve diversity jurisdiction.  Therefore, if a plaintiff brings an action in state court and alleges an amount in controversy greater than the minimum for diversity jurisdiction, a diverse defendant may remove to federal court unless there is a legal certainty that plaintiff will not recover an amount above the minimum for diversity jurisdiction.  Because a plaintiff may inflate his damages to achieve diversity jurisdiction in actions originally brought in federal court, if a plaintiff brings an action in federal court and

2

1    alleges *in good faith* an amount in controversy greater than the minimum for diversity
2    jurisdiction, the court may only dismiss the action if there is a legal certainty that the plaintiff
3    will not recover an amount above the minimum for diversity jurisdiction.   *Sanchez v.*
4    *Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).

5        Where a plaintiff has not alleged a specific amount in controversy, the defendant
6    claiming removal jurisdiction bears the burden of establishing a sufficient amount in
7    controversy by a preponderance of the evidence. *Id.* at 404; *McCaa v. Massachusetts Mutual*
8    *Life Ins. Co.*, 330 F. Supp. 2d 1143, 1145 (D. Nev. 2004).   The defendant cannot rely on bare
9    allegations.   He must produce evidence to support a sufficient amount in controversy for
10   diversity jurisdiction.  *See Sanchez*, 102 F.3d at 405; *McCaa*, 330 F. Supp. 2d at 1146.   A
11   complaint that prays for damages  "in excess of $10,000.00" does not specify an amount in
12   controversy greater than the minimum for diversity jurisdiction and thus a removing defendant
13   bears the burden of proving a sufficient amount in controversy by the preponderance of the
14   evidence. *McCaa*, 330 F. Supp. 2d at 1146.  Because Nevada law does not allow a plaintiff
15   to plead specific damages greater than $10,000, no adverse inference should be taken from
16   a plaintiff's failure to specifically plead damages above $10,000 but below the minimum for
17   diversity jurisdiction. *Id.* at 1150.

18       A plaintiff's claims for punitive damages and attorney's fees may be included in the total
19   used to satisfy the minimum amount for diversity jurisdiction.  *Id.* at 1148–50.  However,
20   defendant must produce evidence to show that plaintiff is more likely than not to recover
21   punitive damages and attorney fees. *Id.* A defendant may use the amount a plaintiff attached
22   to his claim in a settlement demand letter as evidence that the amount in controversy exceeds
23   the minimum for diversity jurisdiction. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.
24   2002). When the settlement demand is reasonable and the plaintiff does not contend that the
25   amount assigned to his claim in his demand letter was inflated or dishonest, the defendant can
26   meet his burden based on the demand letter alone.  *Id.*; *but see Fitzpatrick v. Dufford*, No.
27   Civ.A. 5:05CV128, 2006 WL 839513, at *3–4 (N.D. W. Va. March 28, 2006) (holding that
28   plaintiffs' settlement demand for $100,000 was insufficient to establish that the amount in

3

1   controversy exceeds the jurisdictional minimum when plaintiffs were currently demanding

2   $70,000).

3          A plaintiff's refusal to stipulate to cap damages at $75,000 is not sufficient to establish

4   removal jurisdiction. "[T]here are several reasons why a plaintiff would not stipulate to the

5   amount in controversy, so that a refusal to stipulate, standing alone, does not satisfy a

6   defendant's burden of proof." *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1293 (M.D. Fla.

7   2009) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001)); *see also*

8   *Wilson v. Union Security Life Ins. Co.*, 250 F. Supp. 2d 1260, 1265 n.8 (D. Idaho 2003). To

9   allow a defendant to support removal jurisdiction by showing that the plaintiff failed to stipulate

10  to damages under $75,000 would shift the burden to the plaintiff. *Wilson*, 250 F. Supp. 2d at

11  1265 n.8. But the defendant always bears the burden of establishing removal jurisdiction.

12  *Gause*, 980 F.2d at 566.

13         Defendant must establish diversity jurisdiction in his petition for removal. He cannot

14  rely on mere conclusory allegations in his petition that the amount in controversy exceeds the

15  jurisdictional minimum. The removing defendant must rely on underlying facts in his petition.

16  However, the district court may, at its discretion, treat facts and argument raised by a

17  defendant in an opposition to a motion to remand after removal as an amendment to the

18  original petition for removal. *Cohn*, 281 F.3d at 840 n.1.

19         Defendant essentially makes two arguments against remand. First, Defendant argues

20  that Plaintiff's request for punitive damages is sufficient to establish removal jurisdiction based

21  on diversity because punitive damages may exceed $75,000. Second, Defendant argues that

22  Plaintiff's refusal to stipulate to cap damages at $75,000 is sufficient to establish removal

23  jurisdiction. Both arguments fail. Defendant bears the burden of establishing that the amount

24  in controversy exceeds $75,000 by a preponderance of the evidence and cannot rely on

25  conclusory allegations. Plaintiff's refusal to stipulate to a damages cap does not alter the

26  burden. The mere possibility that Plaintiff may recover punitive damages in excess of $75,000

27  is not enough to satisfy Defendant's burden.

28

4

1    Defendant relies on *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164 (D. Nev 2006).[2]

2    In *Coleman*, the court held that it had removal jurisdiction based on diversity because the

3    plaintiff asserted a claim for punitive damages, which may be unlimited in bad faith insurance

4    actions, and because the plaintiff refused to stipulate that the value of his case was less than

5    $75,000.  463 F. Supp. 2d at 1168.  The court, however, applied the wrong standard.  The

6    court held that it must appear to a legal certainty that the plaintiff could not recover above

7    $75,000 in order to remand.  *Id.*  This test was rejected by the Ninth Circuit.  *See Sanchez*,

8    102 F.3d 298, 403 (9th Cir. 1996).  The Ninth Circuit reasoned:

9        In our view, application of the "converse legal certainty" test in cases where the
         plaintiff's complaint does not specify a particular amount of damages is
10       inappropriate, because it may result in an unwarranted expansion of federal
         diversity jurisdiction.  For example, if a plaintiff actually seeking $10,000 in
11       damages were to file a complaint in state court which did not specify the amount
         of damages sought, and the defendant were to then remove the case to federal
12       court, application of the "converse legal certainty" test in these circumstances
         would force the federal court to exercise jurisdiction even if there was only a
13       legal possibility that the amount in controversy exceeded [the jurisdictional
         minimum].  This result is clearly inconsistent with the limits which Congress has
14       placed on both removal and diversity jurisdiction.

15   *Id.*

16       The court in *Coleman* relied on the Supreme Court case of *Bell v. Preferred Life

17   Assur. Soc. of Montgomery Ala.*, 320 U.S. 238 (1943).  *Coleman*, 463 F. Supp. 2d at 1168.

18   In *Bell*, the plaintiff filed his complaint in federal court and specifically asked for $200,000

19   in actual and punitive damages.  320 U.S. at 239–40.  The Supreme Court noted that

20   recovery of actual damages was likely limited to $1,000, below the then $3,000 minimum

21   amount-in-controversy requirement.  *Id.* at 240.  The Supreme Court held that the district

22   court had jurisdiction unless the amount in controversy, to a legal certainty, was below

23   $3,000.  *Id.* at 241.  Because punitive damages could meet the jurisdictional minimum, the

24   Supreme Court reversed the district court's dismissal of the case for lack of jurisdiction.  *Id.*

25   at 241–43.

26       The Supreme Court dealt with a very different situation than the one in *Coleman* and

27   _____

28   [2] Defendant also relies on several out-of-jurisdiction cases.  Because Ninth Circuit law is clear, the court need not consider them.

5

this case. If a plaintiff pleads damages in excess of the jurisdictional amount in federal court, his good faith allegations are given weight and dismissal is only appropriate if there is a legal certainty that the amount in controversy is below the jurisdictional amount. *Sanchez*, 102 F.3d at 402. If, as in *Coleman* and this case, the plaintiff pleads an unspecified amount in state court, the defendant must prove that the amount in controversy is in excess of the jurisdictional minimum by a preponderance of the evidence to establish removal jurisdiction based on diversity. *Id.* at 404. Defendant has failed to establish by a preponderance that the amount-in-controversy is greater than $75,000. Therefore, this case must be remanded to the state court.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand (#4) is GRANTED.

DATED: This 24th day of June, 2010.

Robert C. Jones
UNITED STATES DISTRICT JUDGE

6